### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SYDNEY D. DENKINS,

            *Plaintiff*,

    v.

WILLIAM PENN SCHOOL DISTRICT
and JANE ANN HARBERT, individually,
            *Defendants.*

CIVIL ACTION
NO. 20-02228

**PAPPERT, J.**                                                                 **October 2, 2020**

### <u>MEMORANDUM</u>

      Sydney Denkins sued William Penn School District and its superintendent, Jane Ann Harbert, alleging violations of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Defendants move to dismiss or strike certain Title VII, PHRA and § 1983 claims as time-barred as well as Denkins's disparate impact claim, to the extent she raises one. The Court denies the Motion for the reasons that follow.

I

      William Penn School District hired Denkins as a high school English teacher in 2005. (Am. Compl. ¶ 18, ECF No. 8.) Since then, Denkins has held several positions within the school district, including Acting Assistant Principal and "Teacher on Special Assignment." (*Id.* at ¶ 24.) After being passed over for positions for which Denkins felt she was qualified, Denkins sued William Penn School District and its superintendent alleging illegal discrimination and retaliation. *See* (Compl. ¶ 2, ECF No. 1). Defendants moved to dismiss only Denkins's retaliation claim in Count IV of the initial

1

complaint.  (Defs.' Mot. to Dismiss Compl. ¶¶ 26, 46, ECF No. 7.)  Denkins filed an Amended Complaint to address the supposed pleading deficiencies identified in Defendants' first motion to dismiss.  *See* (Pl.'s Resp. to Mot. to Dismiss Am. Compl. 1–2, ECF No. 11-1).  Defendants now move to dismiss or strike portions of Counts I, II, III, IV and VI in the Amended Complaint, arguing certain claims are time-barred because Denkins did not file timely administrative complaints with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, or because she failed to raise them within the applicable statute of limitations.  (Defs.' Mot. to Dismiss Am. Compl. 9–13, ECF No. 10-2.)  Defendants also move to dismiss or strike Denkins's disparate impact claim in the Amended Complaint, to the extent she raises one.  (*Id.* at 13–14.)

Plaintiff responds that Rule 12(g)(2) bars Defendants' Motion to Dismiss or Strike as a successive motion.  (Pl.'s Resp. to Mot. to Dismiss Am. Compl. 5–6, ECF No. 11-1.)  The Court agrees.

## II

## A

Rule 12(g)(2) prohibits a serial Rule 12(b)(6) motion raising objections that were available to the defendant but omitted from an earlier 12(b)(6) motion.  *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").  The Rule 12(h)(2) exception allows successive motions to dismiss for failure to state a claim "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule

12(c); or (C) at trial." *See* Fed. R. Civ. P. 12(h)(2).  The Rule 12(h)(3) exception exempts

only motions to dismiss for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3).  The Third Circuit has explained that "[t]his 'consolidation rule' is intended to

eliminate unnecessary delay at the pleading stage by encouraging the presentation of

an omnibus pre-answer motion in which the defendant advances every available Rule

12 defense simultaneously rather than interposing these defenses and objections in

piecemeal fashion." *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015)

(quotation marks and citation omitted).

## B

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter."  Motions to strike "are not favored and usually will be denied unless the

allegations have no possible relation to the controversy and may cause prejudice to one

of the parties, or if the allegations confuse the issues in the case." *Giuliani v.

Polysciences, Inc.*, 275 F.Supp.3d 564, 572 (E.D. Pa. 2017) (citation and quotation marks

omitted).  "A motion to strike is not a proper way to dismiss part of a complaint for legal

insufficiency." *Jordan v. Cicchi*, No. 10-4398, 2014 WL 2013385, at *1 (D.N.J. May 16,

2014) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1380 (3d ed. 2004)).

## III

Defendants' Motion to Dismiss or Strike is successive under Rule 12(g)(2)

because it raises objections that Defendants' could have raised in their motion to

dismiss the initial complaint.  Counts I, III, IV and VI of Denkins's Amended Complaint

assert claims of discrimination and retaliation under Title VII and the PHRA.  The PHRA requires an administrative charge be filed within 180 days of the alleged act of discrimination.  *See* 43 P.S. § 959(h). Title VII requires the charge be filed within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e–5(e).  Denkins dual-filed an administrative charge with the EEOC and PHRC on August 13, 2018.  Defendants contend portions of the claims in Counts I, III, IV and VI should be dismissed because Denkins alleges violations that occurred more than 300 days before she filed her EEOC charge and more than 180 days before she filed her PHRC charge.  (Defs.' Mot. to Dismiss Am. Compl. 9–10, ECF No. 10-2.)

Denkins included in her initial complaint each factual allegation and legal claim cited by Defendants as time-barred, so Defendants could have raised these objections in their motion to dismiss that complaint.  *Compare* (Compl. ¶¶ 26–40, 63(c), ECF No. 1) *with* (Am. Compl. ¶¶ 26–40, 63(c), ECF No. 8).  They chose not to, preventing them from raising the objections now unless they fall under one of the exceptions in Rule 12(g)(2).  *See* Fed. R. Civ. P. 12(g)(2).  "[Q]uestions of whether a plaintiff has timely exhausted the administrative remedies in Title VII actions 'are in the nature of statutes of limitation. They do not affect the district court's subject matter jurisdiction.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Hornsby v. United States Postal Service,* 787 F.2d 87, 89 (3d Cir. 1986)).  The same goes for exhaustion under the PHRA because "claims under the PHRA are interpreted coextensively with Title VII claims." *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006).  Exhaustion objections, therefore, do not fall under the Rule 12(h)(3) exception for

claims involving the court's subject matter jurisdiction.  Nor are Defendants' objections to Counts I, III, IV and VI covered by the Rule 12(h)(2) exception.

IV

The Court denies Defendants' remaining objections to Counts II and VI and Denkins's potential disparate impact claim for the same reasons it denies their Motion as to Counts I, III, IV and VI.  Defendants contend the Court should dismiss portions of Counts II and VI, wherein Denkins asserts claims under 42 U.S.C. § 1983, because they are barred by Pennsylvania's two-year statute of limitations for personal injury actions. (Defs.' Mot. to Dismiss Am. Compl. 12, ECF No. 10-2.)  Defendants also object to a potential disparate impact claim in Denkins's Amended Complaint.  (*Id.* at 12.) Defendants could have raised these objections in their motion to dismiss the initial complaint.  *Compare* (Compl. ¶¶ 26–40, 63(c), ECF No. 1) *with* (Am. Compl. ¶¶ 26–40, 63(c), 89(b)–(f), ECF No. 8)[1]; *compare* (Compl. ¶¶ 47–58, ECF No. 1) *with* (Am. Compl.

---

[1] Denkins added the factual allegation in Paragraph 89(a) in her Amended Complaint.  Thus, Defendants' Motion is not barred as to that averment.  To the extent Denkins purports to bring a § 1983 claim based on that specific factual allegation, she cannot do so because the alleged violation occurred more than two years before she initiated this lawsuit. *See Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985) (applying a two-year statute of limitations to § 1983 actions in Pennsylvania); *see also Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").  The Court declines to strike this factual allegation, however, because it may be "relevant background evidence" for other claims. *See United Air Lines v. Evans*, 431 U.S. 553, 558 (1977).

¶¶ 47–58, ECF No. 8).  They did not, and the objections do not fall under either exception to Rule 12(g)(2), so Defendants cannot raise the objections now.

V

In the alternative, Defendants move to strike the portions of Denkins's Amended Complaint that they ask the Court to dismiss.  The Court denies this request because it, too, is successive and therefore barred by Rule 12(g)(2).[2]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] Even if this Motion were not successive, the Court would deny it because Defendants failed to show the claims they want stricken are "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).